This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Marsha L. Weese, appeals the decision of the Summit County Court of Common Pleas, denying her motion to suppress evidence. We reverse and remand.
On October 4, 2000, at approximately 3:00 a.m., Officer Mark E. Croy of the Macedonia Police Department was travelling northbound on Route 8 when he noticed a blue Chevy Cavalier parked at a green light at the intersection of Route 8 and Route 82. The automobile was partially straddling the left turn lane and the high speed lane of Route 8. Accordingly, Officer Croy parked his cruiser behind the vehicle and walked to the driver's door. He observed Ms. Weese slumped over the wheel with her arms dangling by her sides. He tapped on the window with his flash light and attempted to arouse Ms. Weese. When Ms. Weese woke, she initially depressed the accelerator causing her vehicle to lurch forward a few feet. Officer Croy ran to the vehicle and ordered Ms. Weese to open the door and turn off the vehicle. Ms. Weese complied. At that point, additional police officers arrived at the scene.
When Ms. Weese exited the vehicle, Officer Croy did not smell any alcohol on Ms. Weese, and Ms. Weese denied consuming alcohol. However, Officer Croy noted that Ms. Weese was confused and, therefore, thought that she could be under the influence of some type of drug. Consequently, Officer Croy administered field sobriety tests. Ms. Weese could not complete the one-leg stand but passed the horizontal gaze nystagmus test. Officer Croy then began questioning Ms. Weese. She indicated that she believed she was going south toward Uhrichsville on Route 77 when she was actually travelling northbound on Route 8 toward Cleveland. Throughout the process, Ms. Weese repeatedly stated that she was tired.
The officers asked if they could search Ms. Weese's vehicle, and she consented to the search. The officers, however, did not discover anything in the vehicle. At that point, Officer Croy decided that "since [the officers] had no evidence that [Ms. Weese] was drinking or under the influence of any drug [they would] let her drive over to a parking lot" at a local filling station so that Ms. Weese could contact someone via telephone to get a ride home. Officer Croy observed Ms. Weese's drive to the filling station and did not notice any problems with her operation of the vehicle.
At the filling station, Ms. Weese was unable to contact anyone who would give her a ride home and reiterated that she was very tired. As Officer Croy was not comfortable allowing Ms. Weese to operate her vehicle due to her tired state, he decided to drive her to a motel so that she could rest and eventually drive home. Before allowing Ms. Weese to enter his cruiser, Officer Croy asked her to empty her pockets and turn them inside out. He testified that he always has occupants of his cruiser empty their pockets as a safety precaution. Officer Croy further indicated that, when Ms. Weese was asked to empty her pockets, she was not under arrest.
When Ms. Weese emptied her pockets, she pulled out a plastic bag containing five round blue pills. Ms. Weese indicated that the pills were marijuana. However, based on his experience, Officer Croy doubted that the pills were that substance. The officers proceeded to ask Ms. Weese about the pills, and she was unable to give any satisfactory answers. Consequently, Ms. Weese was placed under arrest. After her arrest, the officers searched her purse, in which they discovered a metal container filled with a white powdery substance. Ms. Weese admitted and a field test confirmed that the substance was cocaine.[1] A videotape of these events was admitted into evidence at the suppression hearing.
The Summit County Grand Jury indicted Ms. Weese on one count of driving while under the influence of alcohol or drugs, in violation of R.C.4511.19(A)(1), one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), and one count of possession of drugs, in violation of R.C. 2925.11(A). On December 21, 2000, Ms. Weese moved to suppress the evidence obtained as a result of the search of her person and her purse, namely the pills and the white powdery substance. A suppression hearing was held on February 27, 2001. On March 8, 2001, the trial court denied Ms. Weese's motion to suppress.
A jury trial was held, commencing on August 20, 2001. In a verdict journalized on September 14, 2001, the jury found Ms. Weese guilty of aggravated possession of drugs and possession of drugs but could not reach a verdict on the charge of driving while under the influence of alcohol or drugs. Upon the prosecution's motion, the trial court dismissed the charge of driving while under the influence of drugs or alcohol. Ms. Weese was sentenced accordingly. This appeal followed.
Ms. Weese asserts a single assignment of error for review:
 "THE TRIAL COURT ERRED BY FINDING THE SEARCH OF APPELLANT WEESE'S POCKETS TO BE WITHIN THE LEGITIMATE SCOPE OF A SEARCH FOR WEAPONS FOR OFFICER SAFETY, AND ADMITTING THE FRUITS OF THAT SEARCH INTO EVIDENCE."
Ms. Weese avers that the trial court erred in denying her motion to suppress. Specifically, Ms. Weese argues that, under the circumstances of this case, Officer Croy's requirement that she empty her pockets prior to entering the police cruiser constituted an unreasonable search under theFourth Amendment to the United States Constitution. Ms. Weese further contends that the illicit drugs discovered when the police searched her purse incident to her arrest were fruit of the poisonous tree and, therefore, should have been suppressed. We agree.
An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. When considering a motion to suppress, a trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Smith (1997), 80 Ohio St.3d 89, 105. Thus, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."Ornelas v. United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. Accordingly, we will accept the factual determinations of the trial court so long as they are supported by competent and credible evidence; however, without deference to the trial court's conclusion, we will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994), 95 Ohio App.3d 93, 96.
Ordinarily, to conduct a pat-down search for weapons, an officer must have a "specific and articulable" belief that an individual is armed and dangerous. Terry v. Ohio (1968), 392 U.S. 1, 21, 27, 20 L.Ed.2d 889. The Ohio Supreme Court, however, has recognized certain circumstances in which a police officer, who has no specific and articulable belief that a driver of an automobile is armed and dangerous, may conduct a limited pat-down search for weapons before placing the driver into a patrol car. See State v. Lozada, 92 Ohio St.3d 74, 2001-Ohio-149, paragraphs one and two of the syllabus; State v. Evans (1993), 67 Ohio St.3d 405, paragraph one of the syllabus. In these situations, the legitimacy of the pat-down search depends upon the legitimacy of the officer's placement of the driver in the patrol car. Lozada, 92 Ohio St.3d at 76.
In the present case, Officer Croy did not conduct a pat-down search for weapons on Ms. Weese prior to placing her in his police cruiser; rather, as found by the trial court, Officer Croy had Ms. Weese empty her pockets.[2] Having Ms. Weese empty her pockets impermissibly exceeded the scope of a pat-down search for weapons under Terry and its progeny and, therefore, was an unreasonable search under the Fourth Amendment.[3]
See State v. Smith (1996), 116 Ohio App.3d 842, 845, State v. Jackson
(Apr. 20, 2001), 11th Dist. No. 99-L-134, citing Evans,67 Ohio St.3d at 414-16; State v. Porath (July 30, 1992), 8th Dist. No. 60655. Accordingly, the blue round pills discovered during the search of Ms. Weese's pockets should have been suppressed. Furthermore, because these pills served as the basis for Ms. Weese's arrest, the white powdery substance discovered in Ms. Weese's purse during the search incident to arrest should have been excluded from evidence as fruit of the poisonous tree. See, generally, State v. Carter (1994), 69 Ohio St.3d 57, 66-67. Based on the foregoing, we conclude that the trial court erred in denying Ms. Weese's motion to suppress.
Ms. Weese's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] When the substance was later tested at the Bureau of Criminal Identification, it was determined to be methamphetamine.
[2] In its appellate brief, the state relies, in part, upon trial testimony which appears to be inconsistent with certain suppression hearing testimony. In reviewing the trial court's decision to deny the motion to suppress, however, this court may review only the evidence presented during the suppression hearing because such evidence was the only evidence before the trial court when it ruled on the motion. SeeState v. Mease (Mar. 14, 1996), 10th Dist. No. 95APA05-614; see, also,State v. Kinley (1995), 72 Ohio St.3d 491, 496, fn. 1; State v. Riccota
(Apr. 8, 1998), 9th Dist. No. 97CA006690.
[3] The state contends that the male officers did not want to conduct a pat-down search of a female and, therefore, required her to empty her pockets. Assuming, without deciding, that this scenario would permit an officer to exceed the scope of a Terry pat-down search, there was no evidence presented during the suppression hearing that the officers chose not to do a pat-down search because Ms. Weese was female. Further, there was no evidence that a female police officer could not have been summoned to the area to perform the frisk.